PER CURIAM:
This claim came on for hearing before the Court on March 21, 1990. The claimant made a motion for the Court to appoint counsel to assist him in the hearing of the claim. Claimant is presently incarcerated in the West Virginia Penitentiary and asserts he is an indigent. The Court took the motion under advisement.
A review of this issue reveals that the appointment of counsel for indigent civil litigants has been considered previously by the West Virginia Supreme Court of Appeals in the cases of Craigo v. John Hey, Circuit Judge and Hon. A. Andrew McQueen, Chief Judge and James M. Oxier v. Kanawha County Circuit Court, 245 S.E. 2d 814 (1986). In these cases each petitioner was a prisoner incarcerated in a State penal institution and each desired that an attorney be appointed to represent him in a civil case. The Supreme Court reviewed current law on the issue of appointing counsel in civil cases. Generally, civil litigants do not have a constitutional or statutory right to legal representation in all cases. Trial courts have no duty to appoint counsel to represent indigent civil litigants, imprisoned or not, but trial courts have discretion to do so. The Supreme Court held that in fee generating civil cases the Court should not appoint counsel and *66 "this is overwhelmingly the majority position...". However, the Supreme Court suggested that courts provide a roster of attorneys willing to take fee generating civil suits on behalf of prisoners.
The Court of Claims is a unique body created by the Legislature as a forum for suits against State agencies. The Court accepts many claims filed by law persons and entertains these claims. The Court assists lay persons without prejudicing the State agency which is always represented by counsel. The Court attempts to determine all the essential facts to assure a fair hearing for both parties.
In view of the foregoing, the Court is of the opinion that the claimant herein does not require the appointment of counsel for this civil action. Therefore, the Court is of the opinion to and does overrule claimant's Motion to Appoint Counsel.
Motion overruled.